CANADY, J.,
dissenting.
Because Franqui’s claim is untimely and facially insufficient, I dissent.
When Florida Rule of Criminal Procedure 3.203 became effective on October 1, 2004, Franqui’s initial postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was pending in the trial court. Franqui therefore was subject to rule 3.203(d)(4)(C), which permitted him to “amend the [pending] motion to include a claim under [rule 3.203] within 60 days after October 1, 2004.” Franqui simply failed to act within that sixty-day period. He has never asserted any basis for excusing his failure to timely file an amendment to his postconviction motion.
Furthermore, the untimely claim filed by Franqui is facially insufficient under the definition of mental retardation contained in rule 3.203(b). Franqui has never *240 alleged facts sufficient to show a prima facia mental retardation claim. Most.saliently, he has never alleged that there was any significantly subaverage intellectual functioning with deficits in adaptive behavior that was “manifested during the period from conception to age 18.” Fla. R.Crim. P. 3.203(b) (emphasis added). This is an essential element of a mental retardation claim which is totally lacking in Franquf s allegations.
There is no basis for reversing the trial court’s denial of Franqui’s claim. I would affirm.
POLSTON, J., concurs.